IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEVIN SCOTT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC. and<br>JPG WACO HERITAGE, LLC,<br><br>　　　　Defendant(s) | CIVIL ACTION NO. 3:22-cv-01253<br><br><br>**AMENDED COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff Devin Scott ("Plaintiff"), by and through his attorneys, Jaffer & Associates, PLLC, and brings this *Amended Complaint* against Defendant Transworld Systems, Inc., ("TRANSWORLD") and JPG Waco Heritage, LLC ("HERITAGE") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.　This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692, the Fair Debt Collection Practices Act or "FDCPA".

## PARTIES AND SERVICE

2.　Plaintiff is a resident of the Dallas County, Texas.

3.　Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is allegedly obligated to pay any debt. Plaintiff is also a "Consumer" under 15 U.S.C. § 1692(a)(3), of the Fair Debt Collection Practices Act or "FDCPA".

4.　The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject

of the transaction are primarily for personal, family, or household purposes. As this term is defined under the Tex. Fin. Code Ann. § 392.001(2) and 15 U.S.C. § 1692(a)(5).

**DEFENDANT TRANSWORLD SYSTEMS INC.**

5. Transworld is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas.

6. Transworld can be served with a copy of this *Amended Complaint* along with *Citation* on its registered agent C T Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

7. Transworld is a person who engages in interstate commerce by using the telephone and mail in a business which the principal purpose is the collection of debts.

8. Transworld is a debt collector as defined under 15 U.S.C. § 1692(a)(6) because Transworld has engaged in direct or indirect debt collection against Plaintiff in Texas.

**DEFENDANT JPG WACO HERITAGE, LLC**

9. Heritage is a debt collector meaning a person who directly or indirectly engages in debt collection.

10. Heritage can be served with a copy of this *Amended Complaint* along with *Citation* on its registered agent George M. Lee, at 5353 West Alabama #610, Houston, TX 77056.

**JURISDICTION & VENUE**

11. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

12. Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.

13. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367.

14. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

15. Venue is further proper in this District because Plaintiffs reside in this district.

## **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. On or about October 28, 2015, Plaintiff added James Chesley to his existing apartment lease ("First Lease") that had approximately two-months remaining.

18. Plaintiff was listed as a guarantor for James Chesley on the First Lease.

19. A few months later James Chesley renewed the lease ("Second Lease") on the apartment unit with Heritage and without Plaintiff's knowledge or permission the Plaintiff was wrongfully listed as a guarantor on the Second Lease. See Exhibit 002.

20. Margarita Harkins, an employee or agent of Heritage confirmed in an email that Plaintiff was listed as a guarantor on the Second Lease without Plaintiff's knowledge or permission. See Exhibit 002.

21. When James Chesley vacated the apartment, he owed an alleged balance of approximately $2,353 or so on the Second Lease.

22. Heritage then wrongfully sent Plaintiff into collections with Transworld on the Second Lease.

23. Transworld then reported that Plaintiff owed a collection account for Heritage in the amount of $2,353 on the Second Lease.

24. Transworld continues to report a collection account for Plaintiff reporting that Plaintiff

owes either Heritage or Transworld $2,353. See Exhibit 001.

25. Heritage refused to provide a copy of the Second Lease when Plaintiff requested one.

26. Plaintiff was not a guarantor on the Second Lease and therefore does not owe Transworld or Heritage any balance.

27. Transworld credit reporting and attempts to collect the Consumer Debt are unlawful and unauthorized.

28. Heritage's selling or assigning of the apartment debt arising from the Second Lease against Plaintiff is unlawful and unauthorized.

29. Defendants have attempted and continue to attempt to collect an unauthorized amount from Plaintiff and continue to report false and erroneous information regarding the Plaintiff and for these reasons Defendants have violated the FDCPA and TDCA.

30. As a result of Defendants conduct, Plaintiff has suffered injury to his credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration, and emotional distress.

31. For these reasons Transworld has violated the FDCPA.

32. For these reasons Heritage has violated the TDCA.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.* as to Defendant Transworld

33. Plaintiff re-alleges and incorporates by reference paragraphs in this amended complaint as though fully set forth herein.

34. Transworld's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

35. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

>   (2)   The false representation of the character, amount, or legal status of any debt;
>
>   (8)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and
>
>   (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

36. For the aforementioned-reasons, Defendant Transworld has violated §1692(e).

37. Section §1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

>   (1)   The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38. For the aforementioned-reasons, Defendant Transworld has violated §1692(f).

39. For these reasons, Defendant Transworld has violated the FDCPA.

40. For these reasons, Defendant Transworld is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**Section 392.304 *et seq.* as to Defendant Heritage**

41. Plaintiff re-alleges and incorporates by reference paragraphs in this amended complaint as though fully set forth herein.

42. Heritage's debt collection efforts against Plaintiff violated various provisions of the TDCA.

43. Section 392.304 provides a non-exhaustive list of fraudulent, deceptive, and misleading representation prohibited by the statute including:

>   (a)(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; and

    (a)(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

44. For the aforementioned-reasons, Defendant Heritage has violated Section 392.304

45. For these reasons, Defendant Heritage has violated the TDCA.

46. For these reasons, Defendant Heritage is liable to Plaintiff for actual damages, injunctive relief, costs and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

47. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

1. Awarding Plaintiff statutory damages up to $1,000 under the FDCPA against Transworld;

2. Awarding Plaintiff actual damages under the FDCPA against Transworld;

3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA against Transworld;

4. Awarding Plaintiff statutory damages not less than $100 under the TDCA against Heritage;

5. Award Plaintiff actual damages and injunctive relief pursuant to the TDCA against Heritage;

6. Award Plaintiff reasonable attorneys' fees and costs as pursuant to the TDCA against Heritage; and

7. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: July 5, 2022                              Respectfully Submitted,

                                                                   **JAFFER & ASSOCIATES PLLC**

                                                                   /s/*Robert Leach*    .
**Shawn Jaffer**
State Bar No. 24107817
**Allen Robertson**
State Bar No. 24076655
**Robert Leach**
State Bar No. 24103582
**Phillip Pool**
State Bar No. 24086466
5757 Alpha Road Suite 430
Dallas, Texas 75240
T: (214) 494-1871
F: (469) 669-0786
Email: attorneys@jaffer.law
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of July, 2022 I caused the foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                                                    /s/ *Robert Leach*
                                                                    Robert Leach